UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

LATY J. ARRINGTON,                          :

      Petitioner                 :   CIV. ACTION NO. 3:25-2241

v.                                          :        (JUDGE MANNION)

SUPERINTENDENT EVANS,                       :

      Respondent                 :

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. §2254 in which petitioner challenges the legality of a 2019 conviction and sentence in the Franklin County Court of Common Pleas. The petition will be dismissed without prejudice as moot and untimely.

**I.  BACKGROUND**

Petitioner, Laty Jerome Arrington, was convicted of manufacture or delivery of a controlled substance and possession with intent to deliver a controlled substance in 2019. *Commonwealth v. Arrington*, 236 A.3d 1136 (table), No. 913 MDA 2019, 2020 WL 2070386, at *1 (Pa. Super. Ct. Apr. 29, 2020). He was sentenced to 24-120 months of imprisonment on February 27, 2019. *Id.* at *2. He appealed, and the Pennsylvania Superior Court affirmed the judgment of sentence on April 29, 2020. *Id.* at *8. Arrington did not seek further review by the Pennsylvania Supreme Court. *Commonwealth*

*v. Arrington*, 292 A.3d 1122 (table), No. 456 MDA 2022, 2023 WL 395785, at *2 (Pa. Super. Ct. Jan. 25, 2023).

Arrington filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on February 8, 2021. (Doc. 1 at 4). The Court of Common Pleas denied the PCRA petition on February 25, 2022. *Arrington*, 2023 WL 395785, at *1. Arrington appealed, and the Superior Court affirmed the denial on January 25, 2023. *Id.* at *6. He then filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 27, 2023. *Commonwealth v. Arrington*, 300 A.3d 1005 (Pa. 2023).

Arrington filed the instant case on November 17, 2025, and the court received and docketed it on November 24, 2025. (Doc. 1). On December 3, 2025, Arrington filed a letter informing the court that he has been released from custody. (Doc. 4).

On December 8, 2025, the court issued an order requiring Arrington to show cause why the case should not be dismissed as untimely pursuant to *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). (Doc. 6). The court additionally directed Arrington to show cause why the case should not be dismissed as moot based on his release from prison. (*Id.*) The court directed Arrington to respond to the order no later than January 7, 2026. (*Id.*)

That deadline has since passed, and Arrington has neither responded to the order nor requested an extension of time to do so.

## II.  STANDARD OF REVIEW

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4. A district court may *sua sponte* dismiss a habeas corpus petition as untimely pursuant to a Rule 4 review if the court first gives the petitioner notice and an opportunity to respond. *Bendolph*, 409 F.3d at 158.

## III.  DISCUSSION

### A.  Mootness

As a preliminary matter, Arrington's petition is subject to dismissal because it is moot. Although a habeas corpus petition is not moot when a petitioner can show that there are "collateral consequences" flowing from the petitioner's conviction or sentence and collateral consequences are ordinarily presumed when a petitioner is challenging the legality of his underlying criminal conviction, *see Burkey v. Mayberry*, 556 F.3d 142, 148 (3d Cir. 2009), here the court ordered Arrington to show cause why the case should not be dismissed as moot and he failed to respond. The court will

3

accordingly dismiss the petition as moot based on Arrington's failure to show the existence of collateral consequences.

### B.    Timeliness

The petition is also subject to dismissal because it is untimely. Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. *Id.* §2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and

4

(2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

In addition to statutory and equitable tolling, the limitations period may be excused under the actual innocence exception, which requires a petitioner to present new evidence that shows "it is more likely than not that no reasonable juror would have convicted the petitioner.' *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013) (internal alterations omitted). A petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021).

Under Section 2244(d)(1)(A), Arrington had one year form the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. §2254. 28 U.S.C. §2244(d)(1)(A). His conviction became final on May 29, 2020, the last date he could have sought review by the Pennsylvania Supreme Court. Pa. R. App. P. 1113(a). The limitations period ran for 255 days until February 8, 2021, when the filing of Arrington's PCRA petition statutorily tolled the limitations period. 28 U.S.C. §2244(d)(2). The statutory

5

tolling continued until June 27, 2023, when the Pennsylvania Supreme Court denied his petition for allowance of appeal and therefore ended the appellate process for his PCRA petition. *Arrington*, 300 A.3d at 1005. At that point, based on the 255 days that had already elapsed towards the end of the limitations period, Arrington had 110 days remaining to timely file his petition, meaning that he was required to file it no later than October 16, 2023.[1] He did not file his petition until November 17, 2025,[2] making it untimely by over two years.

As noted above, Arrington has not responded to the court's order to show cause and accordingly has not provided any arguments for equitable or statutory tolling of the limitations period. In his petition, however, he asserts that the petition should be treated as timely because it is based on "[n]ewly discovered facts that could not be discovered through due diligence as a result of the COVID-19 lock down." (Doc. 1 at 13).

This argument is meritless. To show that the limitations period for a Section 2254 habeas petition is triggered by new evidence requires a "highly

---

[1] The 110-day period would have ordinarily expired on October 15, 2023, but because that date was a Sunday, the deadline is automatically extended to October 16, 2023. Fed. R. Civ. P. 6(a)(1)(C).

[2] The petition is deemed filed on the date it was submitted to prison officials for mailing rather than on the date the court received it pursuant to the prisoner mailbox rule.

fact- and context-specific analysis" of what facts petitioner knew at the relevant time, when he learned of the factual basis for his claims, and what steps he took to exercise reasonable diligence to find the facts before that date. *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 285 (3d Cir. 2021). Arrington has not offered any of this factual information in his petition. He simply states in conclusory fashion that his claims represent newly discovered evidence and that he could not have discovered the evidence at an earlier date and does not provide any factual support for his assertions.

Moreover, Arrington's assertion that he could not discover the purportedly new evidence because of the COVID-19 lockdown is nonsensical on its face. Arrington appears to be arguing that COVID-19 lockdowns prevented him from learning the relevant facts prior to his judgment of sentence in February 2019. But the first reported cases of COVID-19 did not occur until late 2019 and the COVID-19 pandemic did not begin to meaningfully affect life in the United States until March 2020.

There is also no basis to deem the petition timely filed based on the actual innocence exception. Arrington has not advanced any actual innocence arguments, and it is his burden to do so. *McQuiggin*, 569 U.S. at 394-95. Hence, because Arrington's petition is untimely and there is no basis

to toll the limitations period or excuse it under the actual innocence exception, the petition will be dismissed with prejudice as untimely.

## IV. CONCLUSION

For the foregoing reasons, this case will be dismissed without prejudice as moot and untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 1/12/26
25-2241-01